⊕ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
COFFEE COUNTY, GEORGIA

**SUV2021000317**

**JUN 03, 2021 04:59 PM**

*Elisa Gillis*
Elisa Gillis, Clerk
Coffee County, Georgia

**IN THE SUPERIOR COURT OF COFFEE COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **FELLISHA GRIFFIN** | **:**  **CIVIL ACTION NO.:** _____ |
| | **:** |
| **Plaintiff,** | **:** |
| | **:** |
| **Vs.** | **:** |
| | **:** |
| **WINN-DIXIE STORES, INC** | **:** |
| **d/b/a Harveys Supermarket and** | **:** |
| **WESTSIDE OWNER LLC** | **:** |
| | **:** |
| **Defendants.** | **:** |

## COMPLAINT FOR DAMAGES

COMES NOW, Fellisha Griffin, Plaintiff in the above-styled action, who through counsel, files this Complaint for Damages against Winn-Dixie Stores, Inc. d/b/a Harvey's Supermarket and Westside Owner LLC, the Defendants herein, and in support thereof, respectfully shows this Honorable Court as follows:

## PARTIES AND JURISDICTION

1.

Plaintiff Fellisha Griffin (hereinafter referred to as "Plaintiff Griffin") is a United States Citizen and resident of the State of Georgia, and voluntarily subjects herself to the jurisdiction of this Honorable Court.

2.

Defendant Winn-Dixie Stores, Inc. (hereinafter referred to as "Harvey's") is a for-profit corporation doing business as a Harvey's Supermarket at 901 Ward St. W, Douglas GA in Coffee County, GA.

3.

Defendant Westside Owner LLC is a limited liability corporation which owns a shopping center located at 901 Ward St. W in Douglas, GA in Coffee County, GA.

4.

Venue is properly found to be in this Honorable Court by virtue of the fact that the defendants were doing business in Coffee County, GA.

5.

Defendant Winn-Dixie Stores, Inc. may be served with process through its registered agent, CSC of Cobb County, Inc. at 192 Anderson Street SE, Suite 125, Marietta, GA, 30060.

6.

Defendant Westside Owner LLC may be served with process through its registered agent Corporation Service Company at 2 SUN COURT, SUITE 400, PEACHTREE CORNERS, GA, 30092.

## **BACKGROUND**

7.

On, or about, July 1st, 2019, at approximately 2:00 P.M., Plaintiff Griffin entered the store "Harveys Supermarket" and was walking down the aisle flanked by the freezers.

8.

Unbeknownst to Plaintiff Griffin, liquid was allowed by the defendants to accumulate in the walkway.  This liquid constituted a dangerous condition.

9.

As Plaintiff approached the wet floor, there were no cones, signs, barriers, or indications of the hazardous condition.

10.

At all times relevant to this complaint, Plaintiff exercised appropriate and due care for his own safety and received no warning of the hazardous condition of the Wet Floor.

11.

At all times material to this dispute, Plaintiff was an invitee of Defendants.

## **NEGLIGENCE**

12.

Defendants, as owners and operators of the Premises, individually and/or collectively owed a non-delegable duty of care to the many individuals, including Plaintiff, which they knew or should have known would attempt to traverse the Premises in general, and the walkway leading to the Wet Floor in particular, absent a clear warning or barrier preventing them from doing so, or in the alternative, a competent remedy of the Wet Floor.

13.

Defendants individually and/or collectively failed to exercise ordinary care in maintaining, repairing and/or warning of the hazardous condition of the Wet Floor, which failure caused Plaintiff injury as a result of this hazardous condition.

14.

Defendant Tolbert failed to operate her vehicle with the due care exercised by individuals in like or similar circumstances and operated the vehicle in a manner showing a disregard for the safety of others, including Plaintiff Stephanie Jones.

15.

Defendants, individually and/or collectively, in the exercise of ordinary care, possessed, or should have possessed, sufficient knowledge of the hazardous condition of the Wet Floor so as

to require Defendants to properly maintain, repair, or warn its invitees not to traverse, the Wet Floor

16.

At all times mentioned herein, Plaintiff Griffin acted with reasonable care under the conditions and circumstances then existing.

17.

At all times material to this complaint, Defendants individually and/or collectively:

a. Negligently and/or carelessly maintained the Wet Floor portion of the Premises, thereby causing a hazardous, unsafe, dangerous, and defective condition to exist on the Premises; and/or

b. Negligently and carelessly failed to discover the hazardous, unsafe, dangerous and/or defective condition of the Wet Floor through regular and proper inspections; and/or

c. After Defendants individually and/or collectively learned, or should have learned, of the hazardous condition, specifically, the liquid on the Wet Floor, they nonetheless failed to take steps to ameliorate the condition and/or negligently and/or carelessly failed to correct the condition and/or negligently and/or carelessly failed to warn Plaintiff and other visitors of the hazardous condition of the Wet Floor prior to Plaintiff's injury.

18.

At all times material to this Complaint, Plaintiff could not have discovered the hazardous condition of the Wet Floor in the exercise of ordinary care.

19.

Defendants were also negligent by:

a. Breaching their breached its duty to keep the premises it owned safe pursuant to O.C.G.A. § 51-3-1

b. Breaching their breached its duty to keep the premises it occupied safe pursuant to O.C.G.A. § 51-3-1

c. Failing to ensure that all employees, agents or apparent agents then working on the Premises were properly trained and qualified to perform their jobs without violating their duty to keep the Premises safe pursuant to O.C.G.A. § 51-3-1.

## **DAMAGES**

20.

As a direct and proximate result of the Defendant's negligence, Plaintiff Griffin has suffered and will continue to suffer the following:

a) past, present and future physical and mental pain and suffering; and

b) past, present and future loss of enjoyment of life.

21.

As a direct and proximate result of the injuries sustained in the collision caused by the negligence of the Defendants, Plaintiff Griffin has incurred substantial medical expenses and will continue to require and incur reasonable and necessary medical expenses due to her painful injuries.

22.

By reason of the foregoing, Plaintiff Griffin is entitled to recover from Defendants compensatory and other damages in such amounts as may be shown by the evidence at trial and determined in the enlightened conscience of the jury.

WHEREFORE, Plaintiff Fellisha Griffin, having fully set forth her claims for damages against Defendant Tolbert, and based upon the pleadings contained herein, Plaintiff Fellisha Griffin, respectfully prays and requests that this Honorable Court:

a)  Empanel a Jury, hear her cause and determine all contested issues of fact;

b)  Award Plaintiff Fellisha Griffin actual damages of not less than $300,000.00;

c)  Award Plaintiff Fellisha Griffin her costs of this action; and,

d)  Award Plaintiff Fellisha Griffin such other legal and equitable relief as this Honorable Court shall deem just and proper.

This 3rd day of June, 2021.

Respectfully submitted,

/s/ Khalil Farah
Khalil Farah
GA Bar Number: 249224
Attorney for Plaintiff
FARAH & FARAH, P.A.
10 West Adams St.
Jacksonville FL 32202
Ph & Fax: (904) 862-2512
Primary: kfarah@farahandfarah.com
Secondary: ysanchez@farahandfarah.com

# SUPERIOR COURT OF COFFEE COUNTY
## STATE OF GEORGIA

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COFFEE COUNTY, GEORGIA

**SUV2021000317**

JUN 03, 2021 04:59 PM

*Elisa Gillis*
Elisa Gillis, Clerk
Coffee County, Georgia

CIVIL ACTION NUMBER  SUV2021000317

Griffin, Fellisha

_____

**PLAINTIFF**

**VS.**

Winn-Dixie Stores, Inc, DBA d/b/a Harveys
Supermarket
Westside Owner, LLC

_____

**DEFENDANTS**

### SUMMONS

TO: WINN-DIXIE STORES, INC

You are hereby summoned and required to file with the Clerk of said court and serve upon the
Plaintiff's attorney, whose name and address is:

> **Khalil Farah**
> **Farah & Farah, P.A.**
> **10 West Adams Street**
> **Jacksonville, Florida 32202**

an answer to the complaint which is herewith served upon you, within 30 days after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by
default will be taken against you for the relief demanded in the complaint.

**This 3rd day of June, 2021.**

Clerk of Superior Court

_____
Elisa Gillis, Clerk
Coffee County, Georgia

# SUPERIOR COURT OF COFFEE COUNTY
# STATE OF GEORGIA

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
COFFEE COUNTY, GEORGIA

**SUV2021000317**

**JUN 03, 2021 04:59 PM**

*Elisa Gillis*
Elisa Gillis, Clerk
Coffee County, Georgia

CIVIL ACTION NUMBER  SUV2021000317

Griffin, Fellisha
_____

**PLAINTIFF**

**VS.**

Winn-Dixie Stores, Inc, DBA d/b/a Harveys
Supermarket
Westside Owner, LLC
_____

**DEFENDANTS**

## SUMMONS

TO: WESTSIDE OWNER, LLC

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Khalil Farah**
> **Farah & Farah, P.A.**
> **10 West Adams Street**
> **Jacksonville, Florida 32202**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 3rd day of June, 2021.**

Clerk of Superior Court

_____
Elisa Gillis, Clerk
Coffee County, Georgia

🏛 **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
COFFEE COUNTY, GEORGIA

**SUV2021000317**

**JUN 22, 2021 03:33 PM**

*Elisa Gillis*
Elisa Gillis, Clerk
Coffee County, Georgia

IN THE SUPERIOR COURT OF COFFEE COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| FELLISHA GRIFFIN | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | CIVIL ACTION FILE NUMBER: |
| | : | SUV2021000317 |
| WINN-DIXIE STORES, INC. d/b/a/ | : | |
| HARVEY'S SUPERMARKET and | : | |
| WESTSIDE OWNER, LLC, | : | |
| | : | |
| Defendants. | : | |

## ENTRY OF APPEARANCE (SPECIAL, WITHOUT WAIVING DEFENSES AS TO JURISDICTION AND VENUE)

Without submitting to the jurisdiction or venue of this court, and specifically reserving all objections to the jurisdiction and venue of this court, and all defenses as to service of process and sufficiency of service of process, notice is hereby provided pursuant to Section 4.2 of the Uniform Superior Court Rules of the Entry of Appearance of G. ROBERT RYAN, JR. and P. ANDREW STONE of the law firm of RYAN LAW FIRM, LLC, as attorney of record for the Defendant Winn-Dixie Stores, Inc. in the above action.

This 22nd day of June, 2021.

RYAN LAW FIRM, LLC
Attorneys for Defendant Winn-Dixie Stores, Inc.
/s/ G. Robert Ryan, Jr.
**G. ROBERT RYAN, JR.**, State Bar #727030

/s/ P. Andrew Stone
**P. ANDREW STONE**, State Bar #629518

PREPARED BY:
**G. ROBERT RYAN, JR.,** State Bar #727030
Ryan Law Firm, LLC
P.O. Box 2680
Valdosta, GA  31604
(229) 232-4310
(229) 232-4312 – facsimile
rryan@ryan-lawllc.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served all counsel of record with a copy of the within and foregoing Entry of Appearance by mailing a copy of same in the U. S. Mail with sufficient postage affixed thereon to ensure delivery as follows:

*Attorneys for Plaintiff:*
Khalil Farah, Esq.
Farah & Farah, P.A.
10 West Adams St.
Jacksonville, FL 32202

and via email:  kfarah@farahandfarah.com

Registered Agent for Defendant Westside Owner, LLC:
Corporation Service Company
2 Sun Court, Suite 400
Peachtree Corners, GA 30092

Email:  *unknown at this time.*

This 22nd day of June, 2021.

RYAN LAW FIRM, LLC
Attorneys for Defendants
/s/ G. Robert Ryan, Jr.
**G. ROBERT RYAN, JR.,** State Bar #727030

🖳 **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
COFFEE COUNTY, GEORGIA

**SUV2021000317**

**JUL 07, 2021 10:58 AM**

*Elisa Gillis*
Elisa Gillis, Clerk
Coffee County, Georgia

## IN THE SUPERIOR COURT OF COFFEE COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **FELLISHA GRIFFIN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| | ) **Civil Action No.: SUV2021-000317** |
| **WINN-DIXIE STORES, INC. d/b/a** | ) |
| **Harveys Supermarket and WESTSIDE** | ) |
| **OWNER LLC,** | ) |
| | ) |
| **Defendants.** | ) |

## <u>CONSENT MOTION TO DISMISS FEWER THAN ALL PARTIES</u>

COME NOW all Parties in the above-referenced matter, and, pursuant to O.C.G.A. § 9-11-21, move this Court for an Order dismissing, with prejudice, Plaintiff's claims against Westside Owner, LLC.  All parties stipulate that at the time of the incident complained of, Defendant Westside Owner, LLC was not the owner of that certain real property located at 901 Ward St. W, Douglas, Coffee County, Georgia.

As this dismissal would be of fewer than all Parties, the Parties request the Court exercise its discretion and authorize dismissal of Plaintiffs' claims against Westside Owner, LLC.

Respectfully submitted this 7<u>th</u> day of July 2021.

**FARAH & FARAH, P.A.**

*/s/Khalil Farah*
Khalil Farah
Georgia Bar No. 249224
*Attorney for Plaintiff*

10 West Adams St.
Jacksonville, FL 32202
Ph & Fax: (904) 862-2512
Email: kfarah@farahandfarah.com

**HUNTER, MACLEAN, EXLEY & DUNN, P.C.**

_/s/Taylor L. Dove_

Taylor L. Dove
Georgia Bar No. 993210
_Attorneys for Defendant Westside Owner, LLC_

200 East Saint Julian Street
Post Office Box 9848
Savannah, Georgia 31412-0048
Telephone:  912.236.0261
Facsimile:  912.236.4936
Email: tdove@huntermaclean.com

**RYAN LAW FIRM**

_/s/G. Robert Ryan, Jr._

G. Robert Ryan, Jr.
Georgia Bar No. 727030
_Attorney for Defendant Winn-Dixie Stores, Inc._

P.O. Box 2680
Valdosta, GA 31604
P: (229) 232-4310
F: (229) 232-4312
Email: rryan@ryan-lawllc.com

**Signature Page to Consent Motion to Dismiss Fewer Than All Parties**
_Felicia Griffin v. Winn-Dixie Stores, Inc., et al._
In the Superior Court of Coffee County, Civil Action No. suv2021-000317

4849-8140-3632 v1

**IN THE SUPERIOR COURT OF COFFEE COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **FELLISHA GRIFFIN,** )<br>)<br>    **Plaintiff,** )<br>)<br>**vs.** )<br>)<br>**WINN-DIXIE STORES, INC. d/b/a** )<br>**Harveys Supermarket and WESTSIDE** )<br>**OWNER LLC,** )<br>)<br>    **Defendants.** ) | **Civil Action No.: SUV2021-000317** |

## ORDER DISMISSING DEFENDANT WESTSIDE OWNER, LLC WITH PREJUDICE

Having read and considered the Parties' Consent Motion to Dismiss Fewer Than All Parties, it is GRANTED.

IT IS HEREBEY ORDERED that Plaintiff's claims against Westside Owner, LLC are dismissed with prejudice. The clerk shall amend the caption as reflected above. All future pleadings filed in this matter shall use the amended caption.

This _____ day of _____, 2021.

_____
Judge, Superior Court of Coffee County

Consented to:

_____
Khalil Farah
Georgia Bar No. 249224
10 West Adams St.
Jacksonvile, Florida 32202

_____
Taylor L. Dove
Georgia Bar No. 993210
Post Office Box 9848
Savannah, Georgia 31412

_____
G. Robert Ryan, Jr.
Georgia Bar No. 727030
Post Office Box 2680
Valdosta, Georgia 31604

✦ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COFFEE COUNTY, GEORGIA

**SUV2021000317**

JUL 13, 2021 01:49 PM

*Elisa Gillis*
Elisa Gillis, Clerk
Coffee County, Georgia

## IN THE SUPERIOR COURT OF COFFEE COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **FELLISHA GRIFFIN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| | )    **Civil Action No.: SUV2021-000317** |
| **WINN-DIXIE STORES, INC. d/b/a** | ) |
| **Harveys Supermarket and WESTSIDE** | ) |
| **OWNER LLC,** | ) |
| | ) |
| **Defendants.** | ) |

### ORDER DISMISSING DEFENDANT WESTSIDE OWNER, LLC WITH PREJUDICE

Having read and considered the Parties' Consent Motion to Dismiss Fewer Than All Parties, it is GRANTED.

IT IS HEREBEY ORDERED that Plaintiff's claims against Westside Owner, LLC are dismissed with prejudice. The clerk shall amend the caption as reflected above. All future pleadings filed in this matter shall use the amended caption.

This ___13___ day of ___July___, 2021.

_____
Judge, Superior Court of Coffee County

Consented to:

/s/Khalil Farah
Khalil Farah
Georgia Bar No. 249224
10 West Adams St.
Jacksonvile, Florida 32202

/s/ G. Robert Ryan, Jr.
G. Robert Ryan, Jr.
Georgia Bar No. 727030
Post Office Box 2680
Valdosta, Georgia 31604

/s/ Taylor L. Dove
Taylor L. Dove
Georgia Bar No. 993210
Post Office Box 9848
Savannah, Georgia 31412

**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
COFFEE COUNTY, GEORGIA

**SUV2021000317**

**JUL 15, 2021 09:28 AM**

*Elisa Gillis*
Elisa Gillis, Clerk
Coffee County, Georgia

## IN THE SUPERIOR COURT OF COFFEE COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| FELLISHA GRIFFIN | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | CIVIL ACTION FILE NUMBER: |
| | : | SUV2021000317 |
| WINN-DIXIE STORES, INC. d/b/a/ | : | |
| HARVEY'S SUPERMARKET | : | |
| | : | |
| Defendant. | : | |

---

### DEFENDANT WINN-DIXIE STORE, INC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES

---

COMES NOW Winn-Dixie Stores, Inc., Defendant in the above-styled civil action and files this Answer to the Plaintiff's Complaint for Damages and shows the Court the following:

### **AFFIRMATIVE DEFENSES**

**1.**

The Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**2.**

There was no negligence on the part of Defendant Winn-Dixie Stores, Inc., which proximately resulted in any injury or damage to the Plaintiff, with a result that

the Plaintiff is not entitled to recover against Defendant Winn-Dixie Stores, Inc. in any amount.

**3.**

Defendant Winn-Dixie Stores, Inc. shows that the Plaintiff's alleged damages and injuries, if any, were directly and proximately caused by Plaintiff's own contributory and comparative negligence, with a result that the Plaintiff is not entitled to recover against Defendant Winn-Dixie Stores, Inc. in any amount.

**4.**

Any injury or damage sustained by the Plaintiff was caused by the failure of the Plaintiff to exercise ordinary care for her own safety, with a result that Plaintiff is not entitled to recover against Defendant Winn-Dixie Stores, Inc. in any amount.

**5.**

The Plaintiff, by the exercise of ordinary care for her own safety, could have avoided the consequences of any alleged act or failure to act on the part of Defendant Winn-Dixie Stores, Inc., with the result that the Plaintiff is not entitled to recover against Defendant Winn-Dixie Stores, Inc. in any amount.

**6.**

If Defendant Winn-Dixie Stores, Inc. was negligent on the occasion in question, an allegation which Defendant Winn-Dixie Stores, Inc. emphatically denies, then Defendant Winn-Dixie Stores, Inc. shows that the negligence of the

Plaintiff equaled or exceeded that of Defendant Winn-Dixie Stores, Inc., with the result that Plaintiff is not entitled to recover against Defendant Winn-Dixie Stores, Inc. in any amount.

**7.**

No action or omission on the part of Defendant Winn-Dixie Stores, Inc. either caused or contributed to whatever injury or damage the Plaintiff may have sustained.

**8.**

Plaintiff's alleged injuries and damages, if any, are the result of the actions of a person not presently a party to this lawsuit.  Damages, if any, should be apportioned pursuant to O.C.G.A. §51-12-33.

**9.**

Defendant Winn-Dixie Stores, Inc. did not own or operate the grocery store where this alleged incident occurred and the action should be dismissed for failure to state a claim.  The location was operated by Samson Merger Sub, LLC.

**10.**

Defendant Winn-Dixie Stores, Inc. incorporates herein by reference all affirmative defenses which may otherwise be required to affirmatively plead as set forth, and provided for, in O.C.G.A. §9-11-8(c) or O.C.G.A. §9-11-12(b). Furthermore, Defendant Winn-Dixie Stores, Inc. also reserves the right to amend

this pleading to set forth any other specific defenses which may appear appropriate during the course of further investigation and discovery.

**SUBJECT TO THE FOREGOING DEFENSES AND WITHOUT WAIVING SAME, DEFENDANT WINN-DIXIE STORES, INC. RESPONDS TO PLAINTIFF'S COMPLAINT AS FOLLOWS:**

## <u>PARTIES AND JURISDICTION</u>

### 1.

Defendant is without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 1 of Plaintiff's Complaint and, therefore, said allegations are denied.

### 2.

Denied.

### 3.

Defendant is without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 3 of Plaintiff's Complaint and, therefore, said allegations are denied.

### 4.

Denied.

### 5.

Admitted.

**6.**

Defendant is without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 6 of Plaintiff's Complaint and, therefore, said allegations are denied.

## **BACKGROUND**

**7.**

Defendant is without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 7 of Plaintiff's Complaint and, therefore, said allegations are denied.

**8.**

Denied.

**9.**

Defendant admits that there were no cones, signs, barriers, or indications of a hazardous condition since it did not have notice of the alleged hazardous condition. All other allegations or implications of Paragraph 9 are denied.

**10.**

Denied.

**11.**

Denied.

## **NEGLIGENCE**

**12.**

Denied.

**13.**

Denied.

**14.**

Defendant is without knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 14 of Plaintiff's Complaint and, therefore, said allegations are denied.   The allegations appear to relate to individuals unrelated to this lawsuit.

**15.**

Denied.

**16.**

Denied.

**17.**

Denied.  Subparagraphs (a) through (c) are likewise denied.

**18.**

Denied.

**19.**

Denied.  Subparagraphs (a) through (c) are likewise denied.

## **DAMAGES**

**20.**

Denied.

**21.**

Denied.

**22.**

Denied.

**23.**

Answering the last unnumbered paragraph of Plaintiffs' Complaint for Damages (Prayer for Relief) Defendant denies any and all allegations or implications of negligence contained in the last unnumbered paragraph of Plaintiff's Complaint for Damages and, further denies that the Plaintiff is entitled to recovery against this Defendant in any amount whatsoever.

**24.**

Defendant hereby denies each and every allegation or implication contained in Plaintiff's Complaint for Damages not specifically responded to herein.

**25.**

Defendant demands a trial by jury of twelve as to all triable issues.

WHEREFORE, having fully answered Plaintiff's Complaint for Damages, Defendant Winn-Dixie Stores, Inc. hereby demands that it be henceforth discharged, that the Complaint against it be dismissed, that the Plaintiff have no recovery

whatsoever against this Defendant, and that the costs of this action be cast upon the

Plaintiff.

Respectfully submitted this 15th day of July, 2021.

RYAN LAW FIRM, LLC
Attorneys for Defendant Winn-Dixie Stores, Inc.

/s/ G. Robert Ryan, Jr
**G. ROBERT RYAN, JR.**, State Bar #727030

/s/ P. Andrew Stone
**P. ANDREW STONE**, State Bar #629518


PREPARED BY:
G. ROBERT RYAN, JR, State Bar #727030
Ryan Law Firm, LLC
106 Webster Street
P.O. Box 2680
Valdosta, GA  31604
(229) 232-4310 (ph)
(229) 232-4312 (fax)
rryan@ryan-lawllc.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served all counsel of record with a copy of the within and foregoing *Defendant Winn-Dixie Stores, Inc.'s Answer and Affirmative Defenses to Plaintiff's Complaint for Damages* by U.S. mail, sufficient postage affixed to ensure delivery, to:

*Attorneys for Plaintiff:*
Khalil Farah, Esq.
Farah & Farah, P.A.
10 West Adams St.
Jacksonville, FL 32202

and via email:  kfarah@farahandfarah.com

This 15th day of July, 2021.

RYAN LAW FIRM, LLC
Attorneys for Defendant Winn-Dixie Stores, Inc.

/s/ G. Robert Ryan, Jr.
**G. ROBERT RYAN, JR.,** State Bar #727030